IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:23-cr-00042 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HERMAN LEE ESTES, JR. ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendant's motion for a bond hearing, filed by and through stand-by counsel (Dkt. No. 82), which the court construes as a motion for review of the magistrate's decision concerning bond, pursuant to 18 U.S.C. § 3145(b). The United States has filed a response opposing both the granting of bond and any hearing to determine the same. (Dkt. No. 93.) For the reasons set forth herein, the court concludes that a hearing is not necessary and further concludes that bond was properly denied.

Additionally, and before addressing bond, the court notes that chambers has received an email from defendant's wife setting forth arguments as to why she believes her husband should be granted bond. This email was not filed with the Clerk of this court (nor would it have been, as Mrs. Estes is not a party to the case), and it does not indicate that it was served on counsel for the government or standby counsel for the defendant. Individuals—like Mrs. Estes here—who are not parties to a case may not file documents in that case. The fact that it was sent to chambers in the form of an email does not change that result. Accordingly, the court has not considered that email whatsoever in reaching its decision here.

Moreover, even if the same information had come directly from Mr. Estes, such *ex parte* contacts with the court regarding the substance of any pending matter are inappropriate and

improper.[1] Further, the court cannot respond to *ex parte* contacts or take them into consideration in any ruling it issues. And, as Mr. Estes has been advised, the rules of this court apply to him, despite the fact that he is representing himself. *United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (explaining that "like all other litigants, [pro se litigants] must comply with substantive and procedural courtroom rules"); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting same and admonishing courts not to interpret such rules so as to "excuse mistakes by those who proceed without counsel"). (*See also* Oct. 17, 2023 Tr. 14–16, Dkt. No. 92; (advising Estes of same).) Although it is not clear whether Mrs. Estes's email was sent at the request of Mr. Estes, he also may not circumvent the prohibition on *ex parte* contacts by directing his wife or anyone else to send letters or emails to the court on his behalf.

The court turns now to defendant's request for a bond hearing.

## I. BACKGROUND

Mr. Estes was originally charged in a criminal complaint. At his initial appearance and preliminary hearing, the United States moved to detain Estes pursuant to 18 U.S.C. § 3142(f)(1). United States District Judge Robert S. Ballou ordered that Estes be detained pending trial. (Dkt. No. 11.) In explaining his decision, Judge Ballou found, by clear and convincing evidence, that no condition or combination of conditions or release would reasonably assure the safety of any other person and the community. (*Id.* at 2.) Reasons for detention included the strong weight of

---

[1] There are very limited *ex parte* contacts (through a filing on the docket) permitted by statute, *see, e.g.*, Fed. R. Crim. P. 16(d)(1), 17(b), and an occasional question directed to chambers or via the Clerk about a strictly procedural matter may be appropriate in limited circumstances. *See, e.g.*, *Alsop v. Carolina Custom Prod., Inc.*, No. 5:07CV80, 2008 WL 346407, at *1 (W.D.N.C. Feb. 6, 2008) ("This court has no problem with contact in which counsel requests information about procedures or practices . . . ."); *Brown v. Johnson*, No. 7:08-CV-00353, 2009 WL 102528, at *1 (W.D. Va. Jan. 14, 2009) (explaining that an *ex parte* contact from the Clerk's office to a party "for procedural reasons related to the docket" is not improper). *See also Code of Conduct for United States Judges*, Canon3A(3)–(4) (explaining that a judge should not have ex parte communications concerning a pending or impending matter, but including limited exceptions, such as required "scheduling, administrative, or emergency purposes" that do "not address substantive matters"). In general, however, *ex parte* contacts with the court or its staff—and certainly any dealing with the substance of the case or about any decision made or pending before the court—are improper.

the evidence against defendant, his prior criminal history, and the fact that the charged criminal conduct occurred while he was on supervision, prior to sentencing in an earlier case. (*Id.*)

Two days after that hearing, Estes was indicted.[2] On October 17, 2023, after a hearing at which the parties presented evidence, United States Magistrate Judge Memmer again ordered Estes detained, setting forth a detailed reason and explanation for that decision. (Oct. 17, 2023 Tr. 87–95, Dkt. No. 92; *see also* Oct. 17, 2023 Minutes, Dkt. No. 18.) Judge Memmer entered a written order with these findings on October 19, 2023. (Dkt. No. 23, at 2–3.) Estes subsequently sought reconsideration of that decision, which Judge Memmer denied. (Dkt. Nos. 46, 50.)

## II.  ANALYSIS

If a person is ordered detained by a magistrate judge, the person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). The district court conducts a de novo review of a magistrate judge's order. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In conducting its de novo review, the court may rely on the record below and is not required to conduct an additional evidentiary hearing. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985) (noting that occurrence in case before it); *United States v. Martin*, 447 F. Supp. 3d 399, 402–03 (D. Md. 2020) ("[T]here is ample authority for the conclusion that the Court may decide the motion [under § 3145(b)] on the filings (including proffers offered by counsel) as opposed to a hearing.").

Pretrial detention is appropriate if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community." 18 U.S.C. § 3142(e)(1). The court considers (1) the nature and

---

[2] A superseding indictment adding a co-defendant was returned on November 16, 2023. (Dkt. No. 34.) The superseding indictment also added charges of conspiracy to commit wire fraud, wire fraud, and two counts of filing false claims. (*See id.*)

circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his physical and mental condition and whether, at the time of the alleged offense, he was on pretrial release pending trial; and (4) the nature and seriousness of the danger that the defendant's release would present to any person. *Id.* § 3142(g). As relevant here, the burden of proof is on the government to demonstrate by clear and convincing evidence that defendant poses a danger to the community. *See United States v. Nash*, NO. 4:21-CR-21-FL-2, 2021 WL 1998242, at *2 (E.D.N.C. May 19, 2021) (citing *United States v. Stewart*, 19 F. App'x 46, 48–49 (4th Cir. 2001) and 18 U.S.C. § 3142(f)). Notably, a danger to the community also encompasses economic harm to others. *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1993) (noting that danger to the community may "encompass pecuniary or economic harm"); *United States v. Jimwright*, No. 3:09-CR-00067, 2010 WL 2926084, at *2–3 (W.D.N.C. July 23, 2010) (collecting cases regarding economic harm to the community as a consideration with regard to detention).

Based on the record, the court concludes that the government has satisfied its burden. The court does not discuss the facts of the offense here, but it has reviewed the indictment and the testimony of the government's agent at the October 17, 2023 bond hearing. As Judge Memmer noted in ordering Estes detained, he is charged with felonies that involved over a million dollars and could result in significant terms of imprisonment and large fines. They are serious crimes. (*See also* Oct. 17, 2023 Tr. at 88–89.) Additionally, there is very strong evidence of the crimes against him, supported by both the testimony of Agent Boccieri and in the affidavit supporting the underlying complaint.

Estes's history and characteristics are a significant factor in the court's decision. Importantly, Estes allegedly committed this offense while being supervised, reflecting that he has

difficulty complying with court orders. Indeed, he has suggested repeatedly that the rules do not apply to him and that he does not believe he has committed any crime because he has not harmed anyone. Further, his criminal history includes a conviction for contempt of court and other contempt charges, further showing a lack of respect for the law and courts generally.

Significantly, moreover, Estes has a violent criminal history, including convictions for manslaughter, malicious wounding, grand larceny, assault and battery, and possession of a firearm as a prohibited person. (*See generally* Pretrial Services Report, Dkt. No. 8.), and he also has been charged with other gun-related offenses, which were nolle prossed.

The court further notes that Estes's latest motion does not suggest any different home plan other than living with his wife. But he committed his felon-in-possession charge living in his home with his wife, as well as the conduct underlying this offense. Further, his wife's testimony at his bond hearing indicates her strong belief that he has done nothing wrong. She minimizes his offenses as being justified (*e.g.*, his manslaughter conviction was self-defense), and she previously has testified that "everything [Estes] says is accurate," *United States v. Estes*, Case No. 4:20cr00024, Dkt. No. 94, at 24. These circumstances show that she would not be a proper third-party custodian.

For all of these reasons and for other reasons argued by the United States in its response (Dkt. No. 93), the court concludes that Estes should remain detained pending trial. Thus, his motion for a bond hearing and request to be released on bond will be denied.

### III. CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Estes's motion for a bond hearing (or appeal from same) (Dkt. No. 82), is DENIED, and his detention as ordered on October 17, 2023, is AFFIRMED. Estes is ORDERED DETAINED pending further

proceedings in this matter. The clerk is directed to provide notice of this order to Estes and to all counsel of record, including Estes's stand-by counsel.

Entered: April 29, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge