CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

January 15, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:23-cr-00042 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HERMAN LEE ESTES, JR. ) | Chief United States District Judge |

## MEMORANDUM OPINION AND ORDER

Defendant Herman Lee Estes, Jr., proceeding pro se, recently filed a number of documents, collectively totaling more than seventy pages, all of which the Clerk docketed in a single docket entry with attachments.[1] (Dkt. Nos. 169, 169-1 to 169-6.) Many of them are difficult to decipher, are non-sensical, and/or contain significant legal jargon without asking for any obvious—or appropriate—relief in this case.[2]

---

[1] As the court also has warned Estes previously, if he "wants the court to take some action on a filing, he must title it as a motion and he must be clear as to the specific action he wants the court to take." (Nov. 15, 2023 Order 1 n.1, Dkt. No. 31.) As none of his filings are titled as motions, the court does not treat them as such, nor does it provide a ruling on them.

[2] Absent unusual circumstances, the Clerk is obligated to file documents submitted to it for filing in a particular case. The court notes, however, that many of Estes's filings appear to attempt to require persons to take some action or appear to be intended to create rights merely by their being filed. For example, his primary and longest document is titled as a "Lawful Claim of Title, Will, Execution of Will, Declaration of Status, Appointment of Trustees, Standing Orders for the Same." (Dkt. No. 169, at 1.) Within that, he refers to himself as the Trust or the contracting officer for the Trust, and he lists numerous persons and entities that he calls the appointed trustees (including "all courts," Virginia, the United Nations, the United States, "all military branches of all governments," all police departments [and] law enforcement agencies," "all chartered and unchartered corporations, associations[,] and companies," and many others (*see* Dkt. No. 169, at 3–8)), and he then lists duties and terms to which those trustees are purportedly bound (*id.* at 8–30). The attached documents also purport to impose consequences for any failures (including by this court and the U.S. Marshals Service) to take certain actions within a certain amount of time. (*See, e.g.*, Dkt. No. 169-1, at 3, 6, and 8.)

As the court has explained previously, the Clerk's filing of documents does not convert those documents into court-approved documents and does not mean they are orders of the court. (*See* Apr. 2, 2024 Order 2, Dkt. No. 81 ("[T]he fact that the [C]lerk has filed something on the docket from Estes labeled as a "final decree" or any other title, suggesting it has been entered by the court, does not convert that document into a genuine judicial ruling or other order of the court. Parties do not issue rulings on their own cases, nor is a criminal defendant entitled to dismiss the charges against himself. Estes cites to no valid authority for that absurd proposition.") Likewise, the Clerk's filing them on the docket at Estes's request does not create a legal obligation on the part of any other individual or entity, including the court, the U.S. Marshals Service, or others whom Estes purports to bind in his filings. It appears that Estes is engaging in tactics one commentator has described as "pseudolitigation," noting that individuals who employ those tactics often hold a belief that all legal relationships are contracts. *See* Samuel Barrows, *Sovereigns, Freemen, and Desperate Souls: Towards A Rigorous Understanding of Pseudolitigation Tactics in United States Courts*, 62 B.C. L. Rev. 905, 911 (2021) (describing various incorrect beliefs that pseudolitigants—which includes adherents of the sovereign-citizen movement—may hold, including that "failure to

Case 7:23-cr-00042-EKD-CKM    Document 175    Filed 01/15/25    Page 2 of 5
Pageid#: 1248

As the court advised the parties at a January 13, 2025 hearing, some of those documents could be interpreted as Estes's accusing the court of misconduct or criminal activity. For example, his submission includes a completed IRS Form 3949A purporting to refer the undersigned (listed as "Elizabeth Kay Dillon D/B/A ELIZABETH KAY DILLON") for "suspected tax law violations" to the United States. (Dkt. No. 169-4, at 1.) Estes also includes an IRS Form 211, seeking an "award" for reporting tax misconduct by "Elizabeth Kay Kill, D/B/A ELIZABETH KAY DILLON." (Dkt. No. 169-5, at 1.) The statements attached to both forms, which appear to be identical, state the undersigned is "armed and dangerous" and is accused of (among other alleged offenses) "breach of trust, laundering money . . . , trespassing tax fugitive, and trespass on private intellectual property." (Dkt. Nos. 169-4, at 2 and 169-5, at 2.) The statements also include references to violations of rights related to "Marine Salvage Liens" in his cases and claims about the nature of federal courts, financial institutions and instruments, and copyright law typical of the sovereign citizen movement. The are no specific allegations about the undersigned; rather, the allegations would seemingly apply to any federal judge, or at least any judge assigned to this case.

No party has requested recusal, and both Estes and the United States stated at a January 13, 2025 hearing that recusal was not required. Nonetheless, the court considers sua sponte whether to recuse itself based on Estes's allegations. The court permitted the parties to brief the issue, and the United States has filed a written brief in which it reiterates its position that the court is not required to recuse. (Dkt. No. 171.)

---

object to a contractual offer constitutes acceptance of its terms, which leads them to obsessively reject what they perceive as offers directed at them, as well as to attempt to bind or trap others in unilaterally foisted agreements");
*id.* at 912 (explaining other techniques used by such persons as including "declarations or special forms" which they believe can free them from legal obligations "or even from court authority after they have been arrested"). As the court previously advised Estes, it "will not devote judicial resources to addressing patently frivolous arguments." (Nov. 15, 2023 Order 2 n.3, Dkt. No. 31 (citation omitted).)

The applicable recusal standard is set forth in 28 U.S.C. § 455. Under that statute, a judge "shall disqualify [herself] in any proceeding in which [her] partiality might reasonably be questioned." § 455(a). She also shall disqualify herself where she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *see also United States v. Farkas*, 149 F. Supp. 3d 685, 690 (E.D. Va. 2016) ("To preserve the integrity of the judicial branch, 'a judge must possess neither actual nor apparent bias against a party.'") (quoting *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)), *aff'd*, Nos. 15-7888 & 16-6386, 2016 WL 5751829 (4th Cir. Oct. 4, 2016). Thus, if "a reasonable, well-informed observer" with knowledge of "all the facts and circumstances" might reasonably question a judge's impartiality, the judge must recuse herself even if she is, in fact, impartial. *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998).

The court is not, in fact, biased against Estes, nor has any party suggested that it is. The question before the court, then, is whether the filings by Estes—or the court's awareness of them—would lead a reasonable, well-informed person to question the court's impartiality. The answer is no.

As the Fourth Circuit has emphasized, mere speculation is insufficient to create a basis for recusal. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *DeTemple*, 162 F.3d at 287). Likewise, recusal is not required because of "unsupported, irrational or highly tenuous speculation." *DeTemple*, 162 F.3d at 287 (citation omitted). Applying those principles, the Fourth Circuit has held that recusal is not warranted based on circumstances comparable to those here. *E.g.*, *United States v. Hairston*, 38 F. App'x 884, 886 (4th Cir. 2002) (explaining that an alleged death threat against a judge and the judge's awareness of the threat does not "automatically" require recusal and holding that recusal was not warranted where the threats were "not taken seriously by the judge" or the prosecutor and there was no evidence that the

3

judge "strayed from his normal procedures"); *Cherry*, 330 F.3d at 666 (judge properly denied recusal where he had less than a dozen contacts with a man and the crime victim was the beneficiary of that man's estate).

Indeed, in deciding whether to recuse, the court notes that its decision must reflect "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011) (quoting *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006)). As another court noted in refusing to recuse under similar circumstances:

> The accusations[, which accused the court of committing felonies or misprision of a felony and were included in letters sent to government and law enforcement officials,] resemble the type of conduct found insufficient to require recusal in *Cordova Gonzalez v. United States,* where the court found that recusal was unnecessary when the defendant had made negative comments about the presiding judge in a hearing before the legislature. *See* 987 F. Supp. 87, 90–91 (D.P.R 1997); *see also Faegre & Belson, LLP v. Purdy,* 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005) (publication of accusations about the presiding judge on party's website insufficient to require recusal). In short, a virtually nonexistent possibility of criminal prosecution based on an entirely meritless accusation is an insufficient basis for recusal under 28 U.S.C. § 455(a).[] *See Hairston,* 38 F. App'x at 886; *DeTemple,* 162 F.3d at 287.

*Abbott v. Suntrust Mortg., Inc.*, No. CIV.A. 3:08CV665, 2009 WL 971266, at *2 (E.D. Va. Apr. 8, 2009) (footnote omitted). "Were that not the case, any litigant could secure recusal of a presiding judge merely by asserting meritless charges against the judge. There is not support in law for such an approach to recusal." *Id.* at *2 n.4.

Here, to the extent Estes's assertions are decipherable at all, his accusations against the court are meritless and would not cause a reasonable observer to believe the court might be

4

biased against him, either because he has made those assertions or because he reported them to anyone else. Thus, recusal is not proper, and the court will not recuse itself from this case.

CONCLUSION AND ORDER

For the foregoing reasons, and having considered the issue sua sponte, the court ORDERS that it will not recuse itself based on anything filed in this case to date.

Entered: January 15, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge